```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
J & J SPORTS PRODUCTIONS INC.,
                                                                    **MEMORANDUM & ORDER**
                        Plaintiff,                                  18-CV-5118 (DRH)(SIL)
       -against-

ROSALYN BERRY, Individually and d/b.a
Catfish Restaurant; and CAT FISH CAFÉ, INC.,
 an unknown business entity d/b/a/ Catfish
Restaurant,
                        Defendants.
--------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

By Order dated February 25, 2019, the Court referred the motion of plaintiff, J & J Sports Productions, Inc. ("Plaintiff") for a default judgment against defendants Rosalyn Berry ("Berry") and Cat Fish Café, Inc. (the "Café") to Magistrate Judge Locke for a report and recommendation. On July 22, 2019, Judge Locke issued his report and recommendation (the "R & R") recommending that the motion be granted in part and denied in part. More specifically, he recommended that (1) Plaintiff be awarded $2,000.00 in statutory damages against the Café but that Plaintiff's request for enhanced damages and pre- and post- judgment interest against the Cafe be denied; (2) Plaintiff's motion for default judgment against Berry be denied and (3) Plaintiff be allowed to submit its motion for attorneys' fees and costs, supported by appropriate documentation, within 30 days from the entry of final judgment.

Plaintiff has filed objections to the R & R, arguing that the default judgment against Berry should be granted, the amount of damages recommended against the Café is inadequate and post-judgment interest is required.

For the reasons set forth below, the objections are sustained to the extent that the Court awards $2,000.00 in enhanced damages against the Café, together with post-judgment interest; they are otherwise denied.

## BACKGROUND

### A. The Complaint

J & J Sports is a California corporation that distributes sports and entertainment programming internationally. *See* Compl. ¶ 6. Berry is an "Officer, Director, Shareholder and/or Principal" of Cat Fish Cafe, which operates as Catfish Restaurant located in Jamaica, New York and "had the right and ability to supervise the activities" of the Cafe. *See id*. ¶¶ 7, 8. At all relevant times, Plaintiff had the exclusive nationwide commercial distribution rights to the "Floyd Mayweather, Jr. v. Andre Berto WBA/WBC World Welterweight Championship Fight Program" that was telecast nationwide on September 12, 2015 (the "Program"). *See id*. at ¶ 15.

J & J Sports entered into sublicensing agreements by which it granted various commercial entities throughout North America limited sublicensing rights to broadcast the Program within their respective commercial establishments. *See id*. at ¶ 16. Plaintiff alleges that on September 12, 2015, Defendants, either directly or through the actions of their agents, unlawfully intercepted and broadcast the Program, knowing that they were not authorized to do so in violation of section 605 of the Federal Communications Act of 1934, 47 U.S.C. § 605 (the "FCA") (*See* Compl. ¶ 21.

### B. The R & R

In his R & R, Judge Locke found that the well-pleaded allegations stated a valid claim against the Café and were sufficient to establish liability under Section 605(a). (R & R at 7.) With respect to Berry, however, he concluded that the allegations that she had the "obligation,"

"right and ability" to supervise the activities of Catfish Restaurant; that she "directed or permitted employees of Catfish Restaurant to unlawfully intercept and broadcast [the] Program . . . or intentionally intercepted, and/or published the Program at Catfish Restaurant herself and that she "had an obvious and direct financial interest in the activities of Catfish Restaurant . . . [and] that the unlawful broadcast of [the] Program . . . resulted in increased profits for Catfish Restaurant" were nothing more than formalistic recitation of the elements of a cause of action under Section 605 and were insufficient to establish liability under either contributory infringement or vicarious liability. (*Id*. at 7-9.)

Turning then to the issue of damages, Judge Locke noted that "[c]ourts in the Second Circuit typically award statutory damages based on one of two methodologies: the 'flat fee' method or the 'per person' method," with damages granted in the higher of the two calculations. (*Id*. at 10.) As the flat fee method yielded a higher award, Judge Locke recommended that damages be assessed in that amount ($2,000.00), rejected Plaintiff's request, based on decisions outside this Circuit, for an award of $6,000.00. (*Id*. at 13.) As to enhanced damages under § 605(e)(3)(C)(ii), Judge Locke concluded that the conduct was willful, but that other factors such as "whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising for the event; and (v) defendant's collection of a cover charge or premiums for food and drinks" were not present and thus enhanced damages were not recommended. (*Id*. at 14-15.) Lastly, he recommended that neither pre-judgment nor post- judgment interest be awarded.

# DISCUSSION

## I. Applicable Standards

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made; those portions to which no objection is made are reviewed for clear error.

## II. The FCA

Section 605(a) of the FCA provides, in pertinent part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the ... contents ... of such intercepted communications to any person." 47 U.S.C. § 605(a). Where an establishment has violated Section 605, a plaintiff may seek to impose liability on an individual under the theories of "contributory infringement" or "vicarious liability." *Softel, Inc v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997). Contributory infringement occurs when a defendant authorized the violations. *Id*. (citing *Sony Corp. v. Universal City Studios*, Inc., 464 U.S. 417, 437 (1984)). Vicarious liability occurs when a defendant had a "right and ability to supervise that coalesced with an obvious and direct financial interest." *Id*. (alterations omitted) (quoting *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963)).

## III. The Unobjected to Portions of the R & R

The Court having reviewed for clear error the unobjected to portions of the R & R, to wit, that the Café be held liable, that pre-judgment interest be denied, and that Plaintiff be permitted to submit a motion for attorneys' fees and costs within thirty (30) days of entry of judgment, and finding none, adopts those recommendations as if set forth herein.

**IV.     The Objections**

**A.      Liability of Berry**

In its objections, Plaintiff "notes that there is something of a split of authority in this district on the issue of whether allegations similar to those herein support a finding of individual liability" and "acknowledges that the cases cited by Magistrate Judge Locke generally support his conclusion." (Pl.'s Obj. at 3.) It posits, however, that these cases are not controlling and should not be followed by this Court. The Court is unpersuaded by Plaintiff's argument and concludes the correct approach is set forth in the cases cited by Judge Locke.

For example, in *J & J Sports Productions, Inc. v. LX Food Grocery Inc.*, 2016 WL 6905946 (E.D.N.Y. Nov. 23, 2016), Judge Garaufis found that allegations strikingly similar to the one in this case were insufficient to state a claim for vicarious liability. *Accord J & J Sports Prod. Inc. v. El Ojo Aqua Corp.*, 2014 WL 4700014 (E.D.N.Y. Aug. 29, 2014) *report and recommendation adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014).

Plaintiff's reliance upon *J &J Prod. Inc, v. LX Food Grocery*, 2016 WL 6905946 (E.D.N.Y. 2016) is misplaced. In that case, among the things that supported a financial interest was "a bar hosting a large number of patrons, who would presumably purchase drinks during the broadcast." *Id.* at * 3.  Here, according to the affidavit of Plaintiff's investigator (DE 9-3), "[t[here was no bar in the restaurant."

In sum, the Court finds that the allegations as to Berry are insufficient to establish a prima facie case.

B. **Damages and Post-Judgment Interest**

1. Statutory Damages

Section 605 of the FCA provides for a per-violation recovery "in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]" 47 U.S.C. §605(e)(3)(C)(i)(II). The amount of statutory damages awarded "rests within the sound discretion of the Court." *Time Warner Cable of New York City v. Sanchez* Time, 2003 WL 21744089, at *3 (S.D.N.Y. July 8, 2003) (citations omitted). As Judge Locke correctly pointed out, courts in this Circuit "typically use one of two approaches to determine statutory damages under section 605(e)(C)(i)(II): the 'flat fee' method and the 'per person' method. The 'flat fee' method considers the amount that the defendant would have paid for authorization to broadcast the Event—here, the Establishment's licensing fee; under the 'per-person' method, damages are equal to the amount the patrons would have collectively paid to view the Event at home. The higher of the two amounts is generally awarded." *Joe Hand Promotions, Inc. v. Beer Closet, Inc*., 2018 WL 4138938, at *3 (E.D.N.Y. July 27, 2018) (internal citations and quotations omitted). Here, the flat fee method yields $2,000, which is the higher of the two amounts.

Plaintiff argues that the $2,000.00 in damages awarded, as based on the flat fee, are insufficient to compensate it or to act as deterrent. Given that the flat fee calculates damages based on the licensing fee the defendant would have paid to legally show the program, the Court finds Plaintiff's argument that it is insufficient to compensate it unconvincing. With respect to its deterrent argument, it would seem that an award of enhanced damages fulfills that role. It is to that subject that the Court now turns.

2. Enhanced Damages

As Judge Locke correctly held § 605 provides for enhanced damages of up to $100,000.00 if "the violation was committed willfully and for purposes of direct and indirect commercial advantage or private gain." 47 U.S.C. § 605 (e)(3)(C)(ii). Further, given that the program was encrypted and the only way that the Café could broadcast without authorization would be through one or more of several unlawful interception techniques, Judge Locke correctly found that the violation was willful.

In determining whether the violation was for the purposes of direct or indirect commercial advantage or gain, Judge Locke relied upon the following factors as enunciated by several courts, "including 'whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising for the event; and (v) defendant's collection of a cover charge or premiums for food and drinks.'" R & R at 15 (citing, inter alia, *J & J Sports Prods., Inc. v. Chulitas Enter. Corp.*, 2014 WL 917262, at *5 (E.D.N.Y. Mar. 10, 2014). While none of the foregoing factors are alleged here, given the "persistent signal piracy" (*see* DE 9-2 at ¶¶ 12-13) an award of enhanced damages is warranted. *See Chulitas*, 2014 WL 917262 at 5.

Under the circumstances of this case, an additional $2,000.00 is, in this Court's view, appropriate to "satisfy both the interest of providing an adequate recovery for Plaintiff and [, more importantly,] serving as a deterrent for future violations." *Id.* at 6. Accordingly, plaintiffs are awarded enhanced damages in the amount of $2,000.00.

3. Post-judgment Interest

Plaintiff correctly argues that post-judgment interest is mandated pursuant to 28 U.S.C. § 1961(a) which provide that "[i]nterest shall be allowed on any money judgment in a civil case in

a district court." *See Cappiello v. ICD Pub., Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (stating "the statute's language applies to '*any* money judgment in a civil case recovered in a district court.'" ) (emphasis in original); *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir.1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.,* 888 F.2d 260, 269 (2d Cir.1989) ("[Section 1961's] terms do not permit of the exercise of judicial discretion in its application.").

## CONCLUSION

For the reasons set forth herein, the Court adopts Judge Locke's R & R to the extent it recommended that that the Café be held liable for $2,000 in statutory damages, that judgment against Berry be denied, pre-judgment interest be denied, and that Plaintiff be permitted to submit a motion for attorney's fees and costs within thirty days of entry of judgment but declines to adopt the remaining portions. Accordingly, the Clerk of Court is directed to enter judgment (1) dismissing the claims against Berry, and (2) entering judgment in favor of Plaintiff and against the Café in the amount of $2,000.00 statutory damages and $2,000.00 in enhanced damages for a total damages award of $4,000.00, plus post-judgment interest pursuant to 28 U.S.C. § 1961.

**SO ORDERED.**

Dated: Central Islip, New York       s/ Denis R. Hurley
       August 22, 2019                            Denis R. Hurley
                                                                      United States District Judge